UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

MICHAEL HOWARD,

    Plaintiff,

v.                                           17-CV-1295 (JLS) (HKS)

UNITED STATES OF AMERICA,

    Defendant.

———————————————————

## DECISION AND ORDER

Plaintiff Michael Howard commenced this action on December 12, 2017, seeking relief under the Federal Tort Claims Act for injuries he allegedly suffered as a result of a motor vehicle accident involving an employee of the United States Postal Service. Dkt. 1. After Defendant answered the complaint, United States District Judge Elizabeth A. Wolford, to whom this case previously was assigned, referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all pretrial matters, excluding dispositive motions. Dkt. 8.

Defendant moved for summary judgment. Dkts. 17–20. Howard opposed Defendant's motion. Dkts. 24–26. Defendant replied in further support of its motion. Dkt. 28; Dkt. 29.

This Court[1] then modified the referral order to include hearing and reporting upon dispositive motions pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). Dkt. 32.

---

[1] This case was transferred to the undersigned on January 3, 2020. Dkt. 31.

On June 14, 2022, Judge Schroeder issued a Report, Recommendation and Order (R&R), recommending that this Court: (1) grant Defendant's motion for summary judgment on Howard's claim for economic damages and non-economic damages on a significant disfigurement theory, a permanent consequential limitations theory, and a theory that he was unable to perform substantially all of his daily activities for 90 of the first 180 days after the accident; and (2) deny Defendant's motion for summary judgment on Howard's claim for non-economic damages based on the alleged significant limitation of the use of his back and shoulder. Dkt. 42, at 35–36.

Neither party objected to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

Though not required to do so here, this Court nevertheless reviewed Judge Schroeder's R&R. Based on that review, and absent any objections, the Court accepts and adopts the R&R.

For the reasons stated above and in the R&R, the Court **GRANTS, in part, and DENIES, in part, Defendant's motion for summary judgment (Dkt. 17).**

As a result, only Howard's claim for non-economic damages based on the alleged significant limitation of the use of his back and shoulder remains.

SO ORDERED.

Dated:   July 8, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE